NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| Albert ROBINSON,<br><br>        Plaintiff,<br><br>v.<br><br>STATE OF NEW JERSEY, MERCER-COUNTY, FAMILY DIVISION, Sandra L. TERRY, Doug MECKEL, and Sue REGAN,<br><br>        Defendants. | Civ. No. 11-6139<br><br>MEMORANDUM ORDER |

THOMPSON, U.S.D.J.

      Plaintiff Albert Robinson, proceeding *pro se*, has brought suit against four different Defendants in this case, Superior Court of New Jersey, Mercer Vicinage, Family Division ("Family Division"),[1] Sandra Terry, Doug Meckel, and Sue Regan (collectively, "Defendants"). Plaintiff alleges that a fraudulent restraining order was issued against him by the Family Division, which employs the three individually-named Defendants. There are currently ten motions pending before this court: (1) a Motion for Summary Judgment filed by Plaintiff [docket # 13]; (2) a Motion to Dismiss brought by the Defendants [15]; (3) a Request for a Permanent Injunction filed by Plaintiff [18]; (4) an Amended Motion for Partial Summary Judgment filed by Plaintiff [19]; (5) a Motion to Appoint Pro Bono Counsel filed by Plaintiff [21]; (6) a Motion to Strike Affidavits of Defendants' Motion to Dismiss filed by Plaintiff [32]; (7) a Motion to Intervene filed by Plaintiff's wife, Anita Bhaggan-Robinson [33]; (8) a Motion for Sanctions filed by Plaintiff [34]; (9) a Motion to Stay Discovery Until Dispositive Motions are Decided filed by the Defendants [35]; and (10) a Second Motion to Dismiss brought by the Defendants

---

[1] This Defendant is incorrectly captioned as State of New Jersey, Mercer-County, Family Division.

1

[49].[2] The Court has considered these motions upon the submissions of the parties and without oral argument pursuant to Federal Rule of Civil Procedure 78(b). Because the Court has determined that Defendants are entitled to Eleventh Amendment sovereign immunity and because Plaintiff's claims are barred by the Rooker-Feldman doctrine, Defendants' Motions to Dismiss [15, 49] will be granted. The Court will also deny Defendants' Motion for Sanctions [34] as baseless. All of the remaining motions will be denied as moot.

## I. ELEVENTH AMENDMENT

Defendants have brought a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6). Specifically, Defendant argues, *inter alia*, that each Defendant is entitled to sovereign immunity under the Eleventh Amendment to the Unites States Constitution. The Eleventh Amendment provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. CONST. AMEND. 11. This protection extends not only to state bodies, but also to state actors who are acting in their official capacities. *See, e.g.*, *Melo v. Hafer*, 912 F.2d 628, 635 (3d Cir. 1990).

Plaintiff does not contest the fact that the Family Division is currently an arm of the state. Rather, Plaintiff argues that pursuant to the United States Court of Appeals for the Third Circuit's opinion in *Chisolm v. McManimon*, 275 F.3d 315 (3d Cir. 2001), the Family Division was not an arm of the State until the year 1995. In *Chisolm*, the Third Circuit conducted an Eleventh Amendment analysis and concluded that a Mercer County Court was not entitled to sovereign immunity protection because "at the time of the actions giving rise to this suit and at

---

[2] The two motions to dismiss filed by the Defendants at docket numbers 15 and 49 are identical. The reason that the second motion to dismiss was filed was because the original Notice of Motion was defective. This second filing was meant to correct this defect. *See* (Long Affidavit ¶¶ 8–10) [49-2]. Because these motions to dismiss are identical, the Court will not discuss each separately.

the time this suit was brought, the Vicinage did not qualify as an entity that is an arm of the state." *Id.* at 322. In reviewing the unification of the New Jersey State court system, the court reasoned that both at the time that the events giving rise to the suit occurred and at the time of initiation of the suit, the vicinage was still in transition from a county court to a state court. *Id.* at 323. The unique facts of that case prohibited the vicinage from making use of the Eleventh Amendment protections. By the year 1995, however, unification of the New Jersey State court system was complete. Indeed, several cases decided since *Chisolm* have held that Superior Court vicinages are "arms of the state" under the Eleventh Amendment. *See, e.g.*, *Carroway v. New Jersey*, 202 F. App'x 564, 565 (3d Cir. 2006) ("[T]he Superior Court of New Jersey and the Morris and Union County courts are part of the judicial branch of New Jersey and are thus immune pursuant to the Eleventh Amendment." (citing *Johnson v. State of New Jersey*, 869 F. Supp. 289, 296–98 (D.N.J. 1994)); *Vasilopoulos v. Essex Cnty. Prosecutors Office*, No. 08-5603, 2009 U.S. Dist. LEXIS 82100, at *16 (D.N.J. Sept. 9, 2009) (same); *Richard v. Superior Court of N.J., Chancery Division, Morris Vicinage, Family Part*, No. 07-348, 2007 U.S. Dist. LEXIS 20297, at *4 (D.N.J. Mar. 22, 2007) (same).

      Plaintiff argues that *Chisolm* controls Defendants' Motions to Dismiss because the Defendants have alleged that the restraining order at issue in this case was granted in 1990. This argument, however, misconstrues the standard this Court adopts in deciding a motion to dismiss. When considering a Rule 12 motion, the Court must accept as true all of Plaintiff's well-pleaded factual allegations. *See Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009)). Plaintiff alleges that the 1990 restraining order is, in actuality, a fraud—i.e., no restraining order has ever actually existed. Instead, Plaintiff claims, the "Defendants took a bribe to fabricate a Final Restraining Order (FRO) and Temporary Restraining Order (TRO)" sometime in the year 2008 and back-dated these restraining orders to

the year 1990. (*See* Pl.'s Br. at 5) [17]; *see also* (Am. Compl. ¶ 12) [18]. Accepting this allegation as true, the actions giving rise to Plaintiff's cause of action occurred in 2008, a year in which Defendants were undoubtedly an arm of the state for Eleventh Amendment purposes.

There are three limited exceptions to Eleventh Amendment sovereign immunity: "(1) abrogation by an Act of Congress; (2) waiver by state consent to suit; and (3) suits against individual state officials for prospective relief to remedy an ongoing violation of federal law." *M.A. ex rel. E.S. v. State-Operated Sch. Dist.*, 344 F.3d 335, 345 (3d Cir. 2003). None of these exceptions are applicable in this case.

In seeking a preliminary injunction against Defendants, Plaintiff asks the Court to enjoin the Defendants from creating other fictitious restraining orders in the future. Plaintiff has not alleged, however, that such actions are forthcoming. For a federal district court to grant injunctive relief, the "threat of injury must be both 'real and immediate,' not 'conjectural' or 'hypothetical.'" *O'Shea v. Littleton*, 414 U.S. 488, 494 (1974) (citing *Golden* v. *Zwickler*, 394 U.S. 103, 109–10 (1969); *Md. Casualty Co*. v. *Pac. Coal & Oil Co*., 312 U.S. 270, 273 (1941); *United Public Workers* v. *Mitchell*, 330 U.S. 75, 89–91 (1947)). Importantly, "[p]ast exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief . . . if unaccompanied by any continuing, present adverse effects." *Id.* at 495–96. Plaintiff's fear that future fraudulent restraining orders will be issued against him is purely conjectural in this case as no specific threat is alleged. Plaintiff argues only that "[t]he possibility of any legal remedy or entity restraining [the Defendants] from creating another fraudulent FRO with no plaintiff/victim is but illusory in nature." (Compl. ¶ 35); (Am. Compl. ¶ 44). This is not

sufficient to make Plaintiff's request for injunctive relief ripe for adjudication under the *Ex Parte Young* exception to Eleventh Amendment sovereign immunity.[3]

Therefore, because all of the Defendants in this case are immune from suit under the Eleventh Amendment in their official capacities and because none of the limited exceptions to sovereign immunity are present in this case, Plaintiff's claims must be dismissed.

## II.     ROOKER-FELDMAN

Under the Rooker-Feldman doctrine "federal district courts lack subject matter jurisdiction to . . . evaluate constitutional claims that are 'inextricably intertwined with [a] state court's [decision] in a judicial proceeding.'" *Blake v. Papadakos*, 953 F.2d 68, 71 (3d Cir. 1992) (quoting *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 483 n.16 (1983)); *see also Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923). This doctrine "applies only when in order to grant the federal plaintiff the relief sought, the federal court must determine that the state court judgment was erroneously entered or must take action that would render that judgment ineffectual." *FOCUS v. Allegheny Cnty. Court of Common Pleas*, 75 F.3d 834, 840 (3d Cir. 1996) (citing *Marks v. Stinson*, 19 F.3d 873, 886 n.11 (3d Cir. 1994)). As the Third Circuit has explained: "if federal district courts are precluded, as they are, from reviewing the decisions of a state's highest court, *even those decisions that appear to the district court to have plainly been in violation of the Constitution*, then federal district courts are certainly also precluded from reviewing decisions of lower state courts." *Port Auth. v. Richmond*, 973 F.2d 169, 177 (3d Cir. 1992).

In this case, there was unquestionably a restraining order issued against Plaintiff. Although Plaintiff claims that this order was issued fraudulently, it was nonetheless issued

---

[3] To the extent that Plaintiff requests that the restraining order be dissolved, there is no longer a case and controversy as to this issue because this has already occurred.  *See* (Compl. Ex. C).

(fraudulently or not) as shown by the fact that a state court judge later dissolved it. *See* (Compl., Exs. C, D). Therefore, in order to grant Plaintiff the relief that he requests, the Court would have to determine that this state court decision was entered erroneously. The Court, however, does not have jurisdiction to make such a determination. Therefore, Plaintiffs claims are barred against all Defendants, in both their official and individual capacities, pursuant to the Rooker-Feldman doctrine.

### III.    MOTION FOR SANCTIONS

A litigant may move for sanctions against an opposing party for failing to comply with the requirements of Federal Rule of Civil Procedure 11(b). *See* Fed. R. Civ. P. 11(c). Plaintiff has moved for sanctions against the Defendants arguing that the Defendants communicated with the Court ex parte by sending a letter request asking for an extension of time to file a brief to one of the pending motions. This letter appears on the docket at entry number 16. The Court considers the contentions of the Plaintiff in this regard baseless, and accordingly, this motion is denied.

### IV.    CONCLUSION

For the reasons stated above, it is on this 9th day of May, 2012,

ORDERED Defendants' Motions to Dismiss [15, 49] are GRANTED; and it is

ORDERED that Plaintiff's Complaint [1] and Amended Complaint [18] are DISMISSED; and it is

ORDERED that Plaintiff's Motion for Summary Judgment [13] is DENIED as moot; and it is

ORDERED that Plaintiff's Request for a Permanent Injunction [18] is DENIED as moot; and it is

ORDERED that Plaintiff's Amended Motion for Partial Summary Judgment is DENIED as moot [19]; and it is

ORDERED that Plaintiff's Motion to Appoint Pro Bono Counsel [21] is DENIED as moot; and it is

ORDERED that Plaintiff's Motion to Strike Affidavits of Defendant's Motion to Dismiss [32] is DENIED as moot; and it is

ORDERED that Anita Bhaggan-Robinson's Motion to Intervene [33] is DENIED as moot; and it is

ORDERED Plaintiff's Motion for Sanctions [34] is DENIED; and it is

ORDERED that Defendants' Motion to Stay Discovery Until Dispositive Motions are Decided [35] is DENIED as moot; and it is

ORDERED that this case is CLOSED.

      */s/ Anne E. Thompson*
      ANNE E. THOMPSON, U.S.D.J.