NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| Albert M. ROBINSON, | |
| Plaintiff, | |
| v. | Civ. No. 11-6139 |
| STATE OF NEW JERSEY, MERCER COUNTY VICINAGE-FAMILY DIVISION, et al., | OPINION |
| Defendants. | |

THOMPSON, U.S.D.J

### I.   INTRODUCTION

This matter has come before the Court on the two motions for sanctions filed by Plaintiff Albert M. Robinson ("Plaintiff"). (Docket Entry Nos. 70, 86). Defendants State of New Jersey, Mercer County Vicinage-Family Division, Sue Regan, Sandra L. Terry, and Douglas Meckel ("Defendants") oppose the imposition of sanctions. (Docket Entry No 82). The Court has decided the motion based on the parties' written submissions and without oral argument pursuant to Federal Rule of Civil Procedure 78(b). For the following reasons, Plaintiff's motions are denied.

### II.   BACKGROUND

For the purposes of this motion, the Court assumes the parties' familiarity with the underlying facts of this case and briefly summarizes only those facts relevant to the Court's analysis. On October 17, 2011, Plaintiff initiated this lawsuit, which concerns a Final

1

Restraining Order ("FRO") against Plaintiff that he claims was forged. (Docket Entry No. 1). Amended complaints were filed on February 6, 2012 and March 16, 2012. (Docket Entry Nos. 18, 37).

Plaintiff then made a number of motions, including a motion for summary judgment, a motion for preliminary injunction, an amended motion for partial summary judgment, a motion to appoint pro bono counsel, a motion to strike affidavits, and a motion for sanctions. (Docket Entry Nos. 13, 18, 19, 21, 32, 34). Additionally, Plaintiff's wife, Anita Bhaggan-Robinson, filed a motion to intervene. (Docket Entry No. 33).

Defendants then moved to dismiss Plaintiff's amended complaint. (Docket Entry Nos. 15, 49). On May 10, 2013, the Court granted Defendants' motion to dismiss, denied Plaintiff's motion for sanctions, and denied all remaining motions as moot. (Docket Entry No. 51). In granting Defendants' motion to dismiss, the Court concluded that (1) all Defendants in the case are immune from suit in their official capacities under the Eleventh Amendment; and (2) Plaintiffs claims are barred against Defendants in both their official and individual capacities pursuant to the Rooker-Feldman doctrine. (*Id.*). Plaintiff timely appealed, and on February 15, 2013, the Third Circuit affirmed the Court's decision in part and vacated in part, concluding that Plaintiff's claims were not barred by the Rooker-Feldman doctrine. (Docket Entry No. 56).

Since re-opening the case, Plaintiff has filed a number of motions, including two motions for sanctions. (Docket Entry Nos. 60, 62, 67, 69, 70, 71, 86). The Court, having carefully reviewed Plaintiff's motions for sanctions, finds no basis for imposing sanctions at this time.

III.   ANALYSIS

Plaintiff apparently seeks sanctions under both Federal Rule of Civil Procedure 11 and 28 U.S.C. § 1927. "Rule 11 sanctions may be imposed only when it can be shown that an attorney

2

has signed and filed papers without conducting 'a reasonable investigation of the facts and a normally competent level of legal research to support the presentation.'" *Oxfurth v. Siemens A.G.*, 142 F.R.D. 424, 426 (D.N.J. Sept. 6, 1991) (citing *Mary Ann Pensiero, Inc. v. Lingle*, 847 F.2d 90, 94 (3d Cir. 1988)). When determining whether sanctions are appropriate under Rule 11, courts apply an objective standard of reasonableness. *Ford Motor Co. v. Summit Motor Prods., Inc.*, 930 F.2d 277, 289 (3d Cir. 1991). "The rule requires a reasonable inquiry into both the facts and the law supporting a particular pleading." *Schering Corp. v. Vitarine Pharms., Inc.*, 889 F.2d 490, 496 (3d Cir. 1989). Sanctions are generally prescribed "only in the exceptional circumstance where a claim or motion is patently unmeritous or frivolous." *Doering v. Union Cnty. Bd. Of Chosen Freeholders*, 857 F.2d 191, 194 (3d Cir. 1988) (citations omitted).

Sanctions may also be imposed under 28 U.S.C. § 1927. Under Section 1927,

> [a]ny attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

28 U.S.C. § 1927. "As evidence from the test of the statute, § 1927 requires a court to find an attorney has (1) multiplied proceedings; (2) in an unreasonable and vexatious manner; (3) thereby increasing the costs of the proceedings; and (4) doing so in bad faith or by intentional misconduct." *In re Prudential Ins. Co. Am. Sales Practice Litig. Agent Actions*, 278 F.3d 175, 188 (3d Cir. 2002).

Here, Plaintiff argues that sanctions are warranted for three reasons. First, Plaintiff claims that sanctions are appropriate because the Office of the New Jersey Attorney General ("NJAG"), in representing Defendants, has delayed the case by requesting an extension of time to respond to Plaintiff's amended motion for summary judgment and to file a cross-motion for summary judgment. (Docket Entry No. 86 at ¶ 4). Additionally, Plaintiff argues that sanctions

are necessary because the NJAG has carried on a "frivolous defense." (*Id*. at ¶ 6; Docket Entry No. 70 at ¶ 14). To advance this argument, Plaintiff essentially claims that the evidence to support his claims is overwhelming,[1] and thus, the NJAG should have "acknowledged the facts and determined just as every other reasonable person that the FRO was a forgery." (Docket Entry No. 86 at ¶ 7). Finally, Plaintiff contends that the NJAG "has resorted to authorizing the Falsification (sic) of records in Federal (sic) investigations." (Docket Entry No. 70 at ¶ 8).

Having carefully reviewed Plaintiff's arguments, the Court finds no basis for imposing sanctions. First, the Court notes that under Local Civil Rule 7.1, a party is entitled to an automatic extension on a dispositive motion, and finds that Defendants' request for an extension was not a dilatory tactic that warrants the imposition of sanctions. L. CIV. R. 7.1(d)(5). Plaintiff's argument that the NJAG is obligated to accept Plaintiff's allegations as true, disregard any contrary evidence, and abandon a defense altogether is similarly unavailing. Plaintiff simply has not shown that the NJAG has failed to make a reasonable investigation into either the facts or the law to support the NJAG's filings or that the NJAG has unreasonably and vexatiously multiplied proceedings in bad faith. Finally, the Court notes that Plaintiff's conclusory allegation that the NJAG has authorized the falsification of any document is completely unsupported by evidence. Plaintiff appears to passionately believe that the FRO against him was forged and that the NJAG is falsifying documents to assist in a cover-up; however, such passionate belief, when unsupported by fact, is afforded no remedy at law. As such, Plaintiff has not shown that sanctions are warranted.

---

[1] Plaintiff claims that Judge Smithson, whose signature was allegedly forged on the FRO, does "not recall signing the FRO." (Docket Entry No. 86 at ¶ 3). Plaintiff also claims that Annette Howard ("Howard"), the alleged victim, stated "that she is not the 'Annette Howard' listed on the FRO as the victim," and records show that a court hearing concerning the FRO did not take place on October 24, 1990 as claimed. (*See* Docket Entry No. 70 at ¶¶ 3, 4). According to Plaintiff, in defending against Plaintiff's claims, Defendants rely on Defendants' own testimony that the FRO was not forged and claim that Judge Smithson and Howard have "long term memory loss" or have forgotten that they signed the document. (*Id*. at ¶ 8, Docket Entry No. 86 at ¶¶ 3, 6).

## IV.  CONCLUSION

For the foregoing reasons, Plaintiff's motions for sanctions, (Docket Entry Nos. 70, 86), are denied.  An appropriate order will follow.

/s/ Anne E. Thompson
ANNE E. THOMPSON, U.S.D.J.

Date:  May 7, 2013