UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **ALBERT M. ROBINSON,**<br><br>Plaintiff,<br><br>v.<br><br>**STATE OF NEW JERSEY, MERCER COUNTY VICINAGE-FAMILY DIVISION et al.,**<br><br>Defendants. | Civil Action No.11-6139 (AET)<br><br><br><br>ORDER DENYING APPLICATION FOR APPOINTMENT OF<br><u>PRO BONO COUNSEL</u> |

This matter having been opened to the Court upon application by *pro se* Plaintiff Albert M. Robinson ("Plaintiff")[1], seeking appointment of *pro bono* counsel [Docket Entry No. 71]; and Plaintiff, who is proceeding *in forma pauperis,* arguing that he is "not an attorney[ ] and will be in an unlevel playing field"; and the Court having fully reviewed and considered Plaintiff's application; and the Court finding that there is no right to counsel in a civil case, see <u>Tabron v. Grace</u>, 6 F.3d 147, 153-54 (3d Cir. 1993); <u>Parham v. Johnson</u>, 126 F.3d 454, 456-57 (3d Cir. 1997); and the Court further finding that under <u>Tabron</u>, in deciding whether counsel should be appointed, the Court first considers whether a claim or defense has "arguable merit in fact and law," and if it does, the Court then considers additional factors, which include: (1) the applicant's ability to present his or her case; (2) the complexity of the legal issues; (3) the degree to which factual investigation is required and the ability of the applicant to pursue such investigation; (4) the amount a case is likely to turn on credibility determinations; (5) whether the case will require

---

[1] Prior to the Third Circuit Appeal, Anita Bhaggan-Robinson moved to intervene in this action. [Docket Entry No. 33]. This motion was denied as moot by the Honorable Anne Thompson, U.S.D.J. [Docket Entry No. 51]. On remand from the Third Circuit, the parties were instructed to advise the Court of the state of any matters believed to be pending, and whether supplemental briefing was required.[Docket Entry No. 57]. Ms. Bhaggan-Robinson did not renew her application to intervene. Therefore, this Court does not consider Ms. Bhaggan-Robinson a party to this action, and will refer to Albert M. Robinson as the sole plaintiff.

testimony from expert witnesses; and (6) whether the applicant can retain and afford counsel on his or her own behalf, Parham, supra, 126 F.3d at 457-58 (citing Tabron, supra, 6 F.3d at 155-157, 157 n.5); and the Court further finding that other factors, such as "the ever-growing number of prisoner civil rights actions filed each year in the federal courts; the lack of funding to pay appointed counsel; and the limited supply of competent lawyers who are willing to undertake such representation without compensation[,]" must also be considered when deciding an application for *pro bono* counsel, Christy v. Robinson, 216 F. Supp. 2d 398, 408 n.20 (D.N.J. 2002) (citing Tabron, 6 F.3d at 157) (internal citations omitted); and the Defendants having filed a brief in opposition to the Plaintiff's application for the appointment of counsel, asserting the factors in Tabron have not been satisfied [Docket Entry No. 82]; and the Court recognizing that at this stage of the litigation, the factual and legal issues have not yet been tested, and therefore the Court will review Plaintiff's application on the remaining Tabron factors without making any determination on the underlying merits; and the Court finding that Plaintiff is capable of presenting his claims without the assistance of counsel; indeed the Court notes that Plaintiff has filed numerous documents with the Court without the assistance of counsel including: (1) an Amended Motion for Summary Judgment [Docket Entry No. 60]; (2) a Motion for Sanctions [Docket Entry No. 70]; (3) and the instant Application for *Pro Bono* Counsel [Docket Entry No. 71]; and the Court finding that Plaintiff has demonstrated an ability to manage his litigation having filed the majority of documents with the Court in a timely manner; and the Court further finding that Plaintiff has demonstrated an understanding of the issues of the case and the ability to present them; and the Court noting that Plaintiff has not indicated a need for expert testimony at any point in the instant litigation; and the Court further noting that Plaintiff has filed numerous

lawsuits in prior years without the assistance of counsel in both the District of New Jersey and elsewhere; and the Court having also considered the lack of funding to pay appointed counsel, and the limited supply of competent lawyers willing to do *pro bono* work, see Christy, supra, F. Supp. 2d at 408 n.20 (citing Tabron, supra, 6 F.3d at 157); and the Court having considered this matter pursuant to Fed. R. Civ. P. 78; and for good cause shown,

**IT IS** on this **10th** day of **July, 2013**,

**ORDERED** that Plaintiff's application for the appointment of *pro bono* counsel [Docket Entry No. 71] is **DENIED WITHOUT PREJUDICE**.

**LOIS H. GOODMAN**
**United States Magistrate Judge**