NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| Albert M. ROBINSON, <br><br> Plaintiff, <br> v. <br><br> STATE OF NEW JERSEY, MERCER COUNTY VICINAGE-FAMILY DIVISION, et al., <br><br> Defendants. | Civ. No. 11-6139 <br><br> OPINION |

THOMPSON, U.S.D.J.

## I.   INTRODUCTION

This matter has come before the Court on two[1] motions to amend filed by Plaintiff Albert M. Robinson ("Plaintiff").[2]  (Docket Entry Nos. 62, 66, 67, 73, 79, 80).  Defendants Sue Regan, Sandra Terry, and Douglas Meckel ("Defendants")[3] oppose the motions.  (Docket Entry Nos. 76, 82).  The Court has decided the motions based on the parties' written submissions and without oral argument pursuant to Federal Rule of Civil Procedure 78(b).  For the following reasons, Plaintiff's motions to amend are denied.

---

[1] As discussed in greater detail herein, Plaintiff's March 15, 2013, March 18, 2013, and April 1, 2013 filings, (Docket Entry Nos. 62, 66, 67, 73), appear to be one motion to amend.  The Court construes Plaintiff's April 15, 2013 filing, (Docket Entry No. 79), to be a second motion to amend.

[2] Anita Bhaggan-Robinson filed a motion to intervene on March 12, 2012, (Docket Entry No. 33), which was denied as moot on May 10, 2012.  (Docket Entry No. 51).  On remand from the Third Circuit, the parties were instructed to advise the Court of the state of any matters believed to be pending, and whether supplemental briefing was required.  (Docket Entry No. 57).  Bhaggan-Robinson did not renew her motion to intervene.  While Plaintiff occasionally lists Bhaggan-Robinson as a party in his filings, the Court does not consider Bhaggan-Robinson to be a party to this action and will refer to Albert M. Robinson as the sole plaintiff.

[3] Defendant Superior Court of New Jersey, Mercer Vicinage, Family Division, incorrectly captioned as State of New Jersey, Mercer County Vicinage-Family Division, was dismissed from this action under the Eleventh Amendment.  (*See* Docket Entry No. 51).

1

## II. BACKGROUND

For the purposes of these motions, the Court assumes the parties' familiarity with the underlying facts of this case and briefly summarizes only those facts relevant to the Court's analysis. On October 17, 2011, Plaintiff initiated this lawsuit, which concerns a Final Restraining Order ("FRO") against Plaintiff that was issued by the Superior Court of New Jersey, Mercer Vicinage, Family Division ("Mercer Family Court") and that Plaintiff claims was forged. (Docket Entry No. 1).

An amended complaint was filed on February 6, 2012. (Docket Entry No. 18). Plaintiff then made a number of motions, including a motion for summary judgment, a motion for preliminary injunction, an amended motion for partial summary judgment, a motion to appoint pro bono counsel, a motion to strike affidavits, and a motion for sanctions. (Docket Entry Nos. 13, 18, 19, 21, 32, 34).

Defendants then moved to dismiss Plaintiff's amended complaint. (Docket Entry Nos. 15, 49). On May 10, 2012, the Court granted Defendants' motion to dismiss, denied Plaintiff's motion for sanctions, and denied all remaining motions as moot. (Docket Entry No. 51). In granting Defendants' motion to dismiss, the Court concluded that (1) all Defendants in the case are immune from suit in their official capacities under the Eleventh Amendment; and (2) Plaintiff's claims are barred against Defendants in both their official and individual capacities pursuant to the Rooker-Feldman doctrine. (*Id.*). Plaintiff timely appealed, and on February 15, 2013, the Third Circuit affirmed the Court's decision in part and vacated in part, concluding that Plaintiff's claims were not barred by the Rooker-Feldman doctrine. (Docket Entry No. 56).

Since the case was remanded by the Third Circuit, Plaintiff has filed a number of motions. Plaintiff filed two motions for sanctions, (Docket Entry Nos. 70, 86), which were both

denied, (Docket Entry Nos. 87, 88). Plaintiff also filed two motions for summary judgment, which are still pending. (Docket Entry Nos. 60, 69). Additionally, Plaintiff moved to amend his complaint. (Docket Entry Nos. 62, 66, 67, 73, 79, 80). The Court now considers whether amendment is proper at this time.

## III. LEGAL STANDARD

The determination of a motion to amend falls within the discretion of the trial court and is guided by Federal Rule of Civil Procedure 15(a). *See* FED. R. CIV. P. 15(a); *Foman v. Davis,* 371 U.S. 178, 182 (1962). Rule 15(a) provides that "[a] party may amend the party's pleadings . . . by leave of court . . . and leave shall be freely given when justice so requires." FED. R. CIV. P. 15(a). It is, therefore, the accepted and encouraged policy that courts should liberally grant leave to amend pleadings when justice so requires. *See id.*; *Foman,* 371 U.S. at 182; *Dole v. Arco Chem. Co.,* 921 F.2d 484 (3d Cir. 1990). Thus, absent "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment," leave to amend should be freely given. *Foman*, 371 U.S. at 182.

"'Futility' means that the complaint, as amended, would fail to state a claim upon which relief could be granted." *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000) (quoting *In re Burlington Coat Factory Sec. Lit.,* 114 F.3d 1410, 1434 (3d Cir. 1997)). The district court assesses futility under the same standard as a Rule 12(b)(6) motion. *Id.* at 115. Under Rule 12(b)(6), a "defendant bears the burden of showing that no claim has been presented." *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005).

When deciding whether a plaintiff has stated a claim, a district court should conduct a three-part analysis. *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). "First, the court must

'take note of the elements a plaintiff must plead to state a claim.'" *Id*. (quoting *Iqbal*, 556 U.S. at 675). Second, the court must accept as true all of a plaintiff's well-pleaded factual allegations and construe the complaint in the light most favorable to the plaintiff. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009). But, the court should disregard any conclusory allegations proffered in the complaint. *Id*. Finally, once the well-pleaded facts have been identified and the conclusory allegations ignored, a court must next determine whether the "facts alleged in the complaint are sufficient to show that plaintiff has a 'plausible claim for relief.'" *Id*. at 211 (quoting *Iqbal*, 556 U.S. at 679). This requires more than a mere allegation of an entitlement to relief. *Id*. "A complaint has to 'show' such an entitlement with its facts." *Id*. A claim is only plausible if the facts pleaded allow a court to reasonably infer that the defendant is liable for the misconduct alleged. *Id*. at 210 (quoting *Iqbal*, 556 U.S. at 678). Facts suggesting the "mere possibility of misconduct" fail to show that the plaintiff is entitled to relief. *Id.* at 211 (quoting *Iqbal*, 556 U.S. at 679).

## IV. ANALYSIS

As a preliminary matter, the Court finds it necessary to determine which of Plaintiff's numerous filings concerning amendment should be considered at this time. After this case was remanded by the Third Circuit, Plaintiff filed a motion to amend on March 18, 2013, (Docket Entry No. 62), as well as a supporting brief and a "Third Amended Petition" on March 22, 2013, (Docket Entry Nos. 66, 67). Plaintiff filed another memorandum in support of his motion to amend on April 1, 2013. (Docket Entry No. 73). He then filed another memorandum and "Third Amended Petition" on April 15, 2013. (Docket Entry No. 79). This last filing was accompanied by a letter withdrawing Plaintiff's previous filings and explaining that he intended to move forward with the motion and proposed amended complaint "that was completed on April 10,

4

2013." (Docket Entry No. 80). The Court construes this letter to indicate that Plaintiff intends to submit for consideration only Plaintiff's most recent submission that was filed on April 15, 2013, but that is dated April 11, 2013. (Docket Entry No. 79 at 16). Thus, the Court considers only the arguments contained therein, and to the extent Plaintiff's previous filings, (Docket Entry Nos. 62, 66, 67, 73), constitute a separate motion to amend, that motion is denied as moot.

Turning now to Plaintiff's motion to amend dated April 11, 2013, the Court considers whether Plaintiff may properly amend his pleadings at this time to add new claims and parties.

A. *Proposed New Claims*

Plaintiff seeks to amend his pleadings to include new claims under (1) the Family Educational Rights & Privacy Act (FERPA); (2) the Computer Fraud & Abuse Act (CFAA); and (3) the Fourteenth Amendment. (Docket Entry No. 79). The Court considers each proposed new claim separately.

1. *FERPA Claim*

First, Plaintiff seeks to amend his pleadings to include a FERPA claim; however, this request must be denied as futile. Congress authorized the Secretary of Education to enforce the provisions of FERPA, and no private right of action exists. *See, e.g.,* 20 U.S.C. § 1232g(f); *Gonzaga Univ. v. Doe*, 536 U.S. 273, 290 (2002); *Frazier v. Fairhaven Sch. Comm.*, 276 F.3d 52, 67-69 (1st Cir. 2002); *Slovenic v. DePaul Univ.*, 332 F.3d 1068, 1069 (7th Cir. 2003). As such, Plaintiff's proposed FERPA claim would be subject to dismissal under Rule 12(b)(6), and amendment would, therefore, be futile.

2. *CFAA Claim*

Plaintiff also seeks to add a CFAA claim; however, this request must also be denied as futile. Under 18 U.S.C. § 1030, a plaintiff may bring a civil action against anyone who

> knowingly and with intent to defraud, accesses a protected computer without authorization, or exceeds authorized access, and by means of such conduct furthers the intended fraud and obtains anything of value, unless the object of the fraud and the thing obtained consists only of the use of the computer and the value of such use is not more than $5,000 in any 1-year period . . . .

18 U.S.C. § 1030(a)(4). The Act explains that "exceeds authorized access" means "to access a computer with authorization and to use such access to obtain or alter information in the computer that the accesser is not entitled so to obtain or alter . . . ." 18 U.S.C. § 1030(e)(6). In interpreting this provision, "[t]here is no doubt that the CFAA applies to an 'outside' hacker who remotely enters a computer system without authority to do so;" however, "[t]he harder question . . . is whether an employee . . . 'exceeds authorized access' when that employee is authorized in the first instance to access certain information, but then uses that information for an improper purpose." *JBCHoldings NY, LLC v. Pakter*, No. 12-7555, 2013 WL 1149061, at *4 (S.D.N.Y. Mar. 20, 2013).

Federal courts of appeal are split on this question of "whether an employee's *misuse* of an employer's information violates the CFAA where that information was obtained from a computer to which the employee was permitted access." *Id.*; *compare United States v. John*, 597 F.3d 263, 271-72 (5th Cir. 2010) (employee "exceed[ed] authorized access" when he used employer information, to which he had access for other purposes, to perpetrate a fraud), *and United States v. Rodriguez*, 628 F.3d 1258, 1263-64 (11th Cir. 2010), *and Int'l Airport Ctrs., L.L.C. v. Citrin*, 440 F.3d 418, 420 (7th Cir. 2006), *and EF Cultural Travel BV v. Explorica, Inc.*, 274 F.3d 577, 581 (1st Cir. 2001); *with WEC Carolina Energy Solutions LLC v. Miller*, 687 F.3d 199, 203-207 (4th Cir. 2012) (employee who downloaded an employer's confidential information, emailed it to his personal account, and provided that information to employer's

competitor was not liable under CFAA), *and United States v. Nosal*, 676 F.3d 854, 863 (9th Cir. 2012).

Although the Third Circuit has not addressed this issue, district courts in this circuit "have held, in the employer-employee context, that an employee who may access a computer by the terms of his employment is 'authorized' to use that computer for purposes of [the CFAA] even if his purpose in doing so is to misuse or misappropriate the employer's information." *Integrated Waste Solutions, Inc. v. Goverdhanam*, No. 10-2155, 2010 U.S. Dist. LEXIS 127192, at *23 (E.D. Pa. Nov. 30, 2010) (citations omitted); *see also Reyeros v. United States*, No. 10-3020, 2011 WL 5080308, at *10 (D.N.J. Oct. 24, 2011). As such, the Court adopts this approach and concludes that Plaintiff's proposed amendment, which alleges that state employees used their lawful computer access for an unlawful purpose, is insufficient to state a claim under Rule 12(b)(6). Therefore, amendment to include a CFAA claim would be futile.

    3. *Fourteenth Amendment Claim*

Plaintiff also appears to seek amendment to include a Fourteenth Amendment claim related to his efforts to re-open the original action in Mercer Family Court that produced the disputed FRO ("the Domestic Violence Action"). Specifically, he claims that after the Domestic Violence Action was re-opened in 2012, Mercer Family Court "tried to hide" that case from him by transferring it to Burlington County. (Docket Entry No. 79 at ¶¶ 10-12). Plaintiff then sought to remove the case to federal court where it was assigned to the Honorable Joel Pisano but quickly remanded to state court because, among other reasons, federal courts lack jurisdiction over domestic violence cases.[4] (*See Howard v. Robinson*, Case No. 13-206, Docket Entry No. 8). Plaintiff alleges that both Mercer and Burlington County now deny having the remanded

---

[4] It appears that Judge Pisano's Order remanding the case to state court as well as an accompanying letter dated February 27, 2013, was sent to the Deputy Clerk of Superior Court of New Jersey, Law Division, Mercer County, 209 Broad Street, Trenton, NJ 08650. (*See Howard v. Robinson*, Case No. 13-206, Docket Entry No. 10).

Domestic Violence Action. (Docket Entry No. 79 at ¶¶ 12-14). He contends that "the case has been intentionally misplaced to cover up the criminal activity of the Mercer County Court." (*Id.* at ¶¶ 17-18).

Upon reviewing Plaintiff's proposed Fourteenth Amendment claim, it is clear that such an amendment would be futile. First, "[t]he *Younger* abstention doctrine reflects 'a strong federal policy against federal-court interference with pending state judicial proceedings absent extraordinary circumstances.'" *Ocean Grove Camp Meeting Ass'n of United Methodist Church v. Vespa-Papaleo*, 339 Fed. App'x 232, 236 (3d Cir. 2009) (citing *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 431 (1982)). "*Younger* abstention is appropriate when (1) there is a pending state proceeding that is judicial in nature, (2) the proceeding implicates important state interests, and (2) there is an adequate opportunity in the state proceeding for the plaintiff to raise its constitutional challenges." *Id.* (citing *Middlesex Cnty. Ethics Comm.*, 457 U.S. at 432).

Here, it appears that abstention is appropriate. Plaintiff speculates in his proposed amended complaint that the "NJ court will attempt to have the [Domestic Violence Action] dismissed since [he] ha[s] no idea as to where the case is and undoubtedly will miss any hearings." (Docket Entry No. 79 at ¶ 13). He fears this "will provide the New Jersey Attorney General's office grounds for a Dismissal for want of prosecution." (*Id.*). As such, Plaintiff's proposed amended complaint concedes that the Domestic Violence Action is still pending, and it appears that Plaintiff's efforts would be better directed at this time to resolving the dispute at the state level, rather than immediately seeking relief in federal court as Plaintiff appears to have done in this case.

Moreover, Plaintiff's Fourteenth Amendment claim appears to be futile on other grounds, as it appears to be based on the mistaken premise that he has a right to pursue his forgery claim in family court. In seeking to re-open the Domestic Violence Action, Plaintiff appears to be attempting to convert a domestic violence case, in which he is the defendant, into a case against state employees for the alleged forgery of the FRO. Although some of Plaintiff's allegations involve employees of the Mercer Family Court, this is not the kind of claim heard in family court.[5] As such, it appears that amendment to include Plaintiff's proposed Fourteenth Amendment claim would be futile.

   B. *Proposed New Parties*

Additionally, Plaintiff seeks to amend his pleadings to name Jack Huston Castle ("Castle"), Kent E. Ziegenbein ("Ziegenbein"), and Larry Earl Freeman ("Freeman") as new defendants. The proposed amended complaint describes Castle "as the Mastermind behind the grand scheme," Ziegenbein as a "partner in an illegal dental business" with Castle, and Freeman as a "resident of Houston, Texas." (Document No. 79 at 9 ¶ 5). Plaintiff offers no other factual allegations to support his claim that these proposed defendants conspired with Defendants in any way. Therefore, as Plaintiff has only set forth conclusory allegations which the Court is not required to accept as true, *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009), Plaintiff has failed to state a claim under Rule 12(b)(6). As such, Plaintiff's request to amend his complaint to add new parties is futile.

---

[5] As Plaintiff successfully dissolved the disputed FRO in 2009, his effort to re-open the Domestic Violence Action in 2012 does not appear to be related to that effort.

V. <u>CONCLUSION</u>

For the foregoing reasons, Plaintiff's motions to amend, (Docket Entry Nos. 62, 66, 67, 73, 79, 80), are denied. An appropriate order will follow.


*/s/ Anne E. Thompson*
ANNE E. THOMPSON, U.S.D.J.


Date:   July 26, 2013